IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-081-FL

| | | |
|---|---|---|
| BARBARA PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HALIFAX COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss (DE 17). In response, plaintiff includes a request to amend her complaint, which the court construes as a motion for leave to amend (DE 24). The issues raised are ripe for ruling. For the following reasons, the motions are granted on the terms set forth herein.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this employment discrimination action against her former employer July 27, 2022, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint, and relying on a determination and notice of rights by the Equal Opportunity and Employment Commission ("EEOC") dated May 3, 2022. The court issued notice of deficiency January 30, 2023, identifying shortcomings in plaintiff's motion for leave to proceed in forma pauperis and complaint, and directed plaintiff to correct those deficiencies.

Plaintiff filed an amended complaint and amended motion for leave to proceed in forma pauperis, with corrected financial disclosure statement and notice of self-representation, March 1,

2023. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and seeks damages in the amount of $1,290,000.00.

Upon frivolity review March 21, 2023, under 28 U.S.C. § 636(b)(1), United States Magistrate Judge Brian S. Meyers determined that the case is not frivolous and does not suffer from other deficiencies specified in 28 U.S.C. § 1915(e)(2)(B), and the court directed the United States Marshal to serve the complaint and summons to defendant.

Defendant filed the instant motion to dismiss April 19, 2023. After obtaining an extension of time, plaintiff responded in opposition July 11, 2023.

## STATEMENT OF FACTS

The facts alleged in the complaint[1] may be summarized as follows. Plaintiff alleges that she was supervised differently than her younger colleagues, for example by being treated as "annoying" when she asked for help, by being given outdated information, and by not receiving credit for projects worked on. (Compl. at 2). Plaintiff applied for a promotion on July 16, 2021, to "Income Maintenance Caseworker III," but was passed over. (Id.). On August 17, 2021, plaintiff notified her supervisor Tina Ogden and "program manager" Kentrice Ragland that she wished to file a grievance. (Id.). She filed a grievance August 17, 2021, engaged in a "formal meeting with the director" on December 1, 2021, and was terminated March 2, 2022. (Compl. at 5).

---

[1] Hereinafter, all references to the complaint and "compl." in citations are to the amended complaint at DE 5.

2

**COURT'S DISCUSSION**

A.  Motion to Dismiss

    1.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

    2.  Analysis

Halifax County Department of Social Services, which plaintiff names as the defendant in this action, is not an entity capable of being sued. Avery v. Burke County, 660 F.2d 111, 114 (4th Cir. 1981) (holding that a county to be the proper party in an action alleging misconduct by that county's boards of social services and of health); see also Loughlin v. Vance Counrt Department of Social Services, No. 5:14-cv-219, 2015 WL 11117120 at *4 (E.D.N.C. Mar. 31, 2015) (collecting cases). Therefore, defendant's motion to dismiss is granted on this basis.

However, plaintiff in response seeks to amend her complaint to "name individual defendants," listing Tina Ogden, Stacey Pittard, Kentrice Raland, and Felicia Exum on the case caption. (DE 24 at 1). While plaintiff cannot amend her complaint through a response to a motion to dismiss, the court construes her response as seeking an opportunity to file an amended complaint

naming the correct defendant employer. The court thus turns to addressing the issues raised by that motion.

B. Motion to Amend

1. Standard of Review

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).[2] "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

2. Analysis

Here, plaintiff seeks to substitute as defendants the individuals who assertedly discriminated against her in place of an entity that may not have the capacity to be sued. Such proposed amendment, however, is futile. Title VII prohibits discrimination against "any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of" certain protected characteristics. 42 U.S.C. § 2000(e)(2)(a)(1). The Age Discrimination in Employment Act ("AEDA") prohibits the same discriminatory conduct based upon age. See 29

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

U.S.C. § 623(a)(1). The Americans with Disabilities Act prohibits "covered entities" from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

None of these statutes contemplate individual liability for supervisors who may have participated in discrimination by an employer. See Birkbeck v. Marvel Lightning Corp., 30 F.3d 507, 510 (4th Cir. 1994) ("[T]he ADEA limits civil liability to the employer[.]"); Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178 (4th Cir. 1998) ("Employees are not liable in their individual capacities for Title VII violations."); Baird ex re. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants[.]") Any attempt to substitute plaintiff's supervisors as defendants must be denied as futile.

Plaintiff may, however, attempt to amend her complaint to name the correct defendant as plaintiff's employer. Where a county acts as an employer, suit against the county, the state, or both is appropriate subject to certain limitations. See Keller v. Prince George's County, 827 F.2d 952, 962-63 (4th Cir. 1987) (allowing a plaintiff to sue both county and state employers for employment discrimination); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed"). Liberally construed, plaintiff's motion sounds as an attempt to name the legal entity responsible for the discrimination asserted in her complaint. Where plaintiff alleges she worked in an office of the Halifax County Department of Social Services, then it is plausible to infer she was employed by Halifax County, or possibly the State of North Carolina. See

5

N.C.G.S. § 126-1.1 (defining a "career State employee" in part as "an employee of a local entity"); N.C.G.S. § 126-5(a)(2)(b) (providing for the application of North Carolina's Human Resources System to the employees of local social services departments). The responsibility rests with plaintiff, however, to name the correct defendant employer. See Federal Rules of Civil Procedure 8(a) (requiring "a short and plain statement of the claim") and 10(a) (requiring that all parties be named on the complaint).

Accordingly, the court grants plaintiff's motion and allows plaintiff leave to file a second amended complaint naming the correct employer as defendant. Plaintiff is directed to file her second amended complaint and proposed summons within 21 days of entry of this order.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 17) is GRANTED, and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted. Plaintiff's motion for leave to file second amended complaint (DE 24) is GRANTED on the terms set forth herein. Plaintiff is directed to file her second amended complaint and copies of proposed summons within 21 days of the date of this order. In the event no such filing is made, the clerk is DIRECTED to close this case on the basis of this order without further order of the court.

SO ORDERED, this the 12th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge