IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-081-FL

| | | |
|---|---|---|
| BARBARA PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HALIFAX COUNTY DEPARTMENT OF SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion captioned as one seeking "to reply to the defendant[']s motion to dismiss along with amendment," (DE 33) and defendant's renewed motion to dismiss pursuant to Federal Rules of Civil Procedure 6 and 41(b). (DE 36). The issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted in part on the terms set forth herein, and defendant's motion is denied.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this employment discrimination action against defendant, July 27, 2022, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint. The court entered a notice of deficiency and order January 30, 2023, identifying shortcomings in plaintiff's motion for leave to proceed in forma pauperis and complaint, and directing plaintiff to correct those deficiencies.

Plaintiff filed the operative amended complaint March 1, 2023, as well as amended motion for leave to proceed in forma pauperis, with corrected financial disclosure statement and notice of

self-representation, on March 20, 2023. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and seeks damages in excess of $1,290,000.00.

Upon frivolity review March 21, 2023, United States Magistrate Judge Brian S. Meyers granted plaintiff's motion to proceed in forma pauperis and allowed plaintiff's action to proceed. The court thus directed the United States Marshal to serve the complaint and summons on defendant.

Defendant moved to dismiss April 19, 2023, on the basis that it was not a proper party to the action, it was immune from suit, and that plaintiff's allegations failed to state a claim. After obtaining an extension of time, plaintiff responded in opposition July 11, 2023, including a request to amend her complaint.

In its order entered February 12, 2024, the court granted defendant's motion to dimiss on the basis that defendant is not an entity capable of being sued, but the court construed plaintiff's response as a motion to file an amended complaint naming the correct defendant employer. The court determined that plaintiff's suggested amendment to substitute plaintiff's former supervisors as defendants was futile, but it noted "it is plausible to infer [plaintiff] was employed by Halifax County, or possibly the State of North Carolina." (Order (DE 25) at 5). The court further noted "[t]he responsibility rests with plaintiff, however, to name the correct defendant employer." (Id. at 6). Accordingly, the court "allow[ed] plaintiff leave to file a second amended complaint naming the correct employer as defendant," and the court directed plaintiff "to file her second amended complaint and proposed summons within 21 days." (Id.). The court added that "[i]n the event no such filing is made, the clerk is DIRECTED to close this case on the basis of this order without further order of the court." (Id.).

Plaintiff did not file a second amended complaint as directed; instead she moved for an extension of time, and defendant opposed the extension and moved to dismiss the case premised upon plaintiff's delay. On April 24, 2024, plaintiff moved for a further extension of time, which defendant opposed. In a text order entered April 29, 2024, the court granted plaintiff's motions for extension, denied defendant's motion, and allowed plaintiff until May 20, 2024, to file a second amended complaint and proposed summons as directed in the court's February 12, 2024, order. The court also warned plaintiff "that, absent exceptional circumstances not heretofore presented, no further extensions of this deadline will be granted." (Text Order (April 29, 2024)).

Plaintiff then filed the instant motion May 28, 2024, asserting arguments against dismissal of her action and seeking leave to amend the caption of her complaint to name as defendants Tina Ogden, Supervisor ("Ogden"), Stacey Pittard, Supervisor ("Pittard"), Kentrice Ragland, Program Manager ("Ragland"), and Felicia Exum, Director ("Exum"). Defendant responded in opposition and renewed therein its motion to dismiss, based upon plaintiff's failure to prosecute and failure to comply with the court's February 12, 2024, order and April 29, 2024, text order.

STATEMENT OF FACTS

The court incorporates herein the court's statement of facts as set forth in the court's February 12, 2024, order:

> Plaintiff alleges that she was supervised differently than her younger colleagues, for example by being treated as "annoying" when she asked for help, by being given outdated information, and by not receiving credit for projects worked on. (Compl. at [11]).[1] Plaintiff applied for a promotion on July 16, 2021, to "Income Maintenance Caseworker III," but was passed over. (Id.). On August 17, 2021, plaintiff notified her supervisor Tina Ogden and "program manager" Kentrice Ragland that she wished to file a grievance. (Id. [at 9]). She filed a grievance August

---

[1] Hereinafter, all references to the complaint and "compl." in citations are to the amended complaint at DE 5. Page numbers in citations are to the page number designated by the court's case management / electronic case filing ("CM/ECF") system, instead of the page number, if any, showing on the face of the document. The court corrects herein a citation error in the court's February 12, 2024, order as noted in brackets in the block quotation set forth herein.

> 17, 2021, engaged in a "formal meeting with the director" on December 1, 2021, and was terminated March 2, 2022. (Id. at 5).

(February 12, 2024, Order (DE 25) at 2).

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 41(b) allows for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss . . . for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

Dismissal of an action for failure to prosecute is warranted where a plaintiff "was instructed to take specific steps to prosecute the action and [s]he refused to comply." Mears v. Town of Oxford, Md., 762 F.2d 368, 375 (4th Cir. 1985). It is also warranted when "a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). The determination of whether to "dismiss an action for [a] plaintiff's failure to prosecute it with reasonable diligence . . . is one within the trial court's sound judicial discretion." Timmons v. United States, 194 F.2d 357, 359 (4th Cir. 1952).

B.  Analysis

Considering first that part of plaintiff's motion seeking leave to file a reply to "defendant[']s motion to dismiss," good cause for the relief sought has not been shown. (DE 33 at 1). Plaintiff was notified expressly of the opportunity to respond to defendant's prior motion to

4

dismiss and defendant's instant motion, and she did not file a response. (DE 29, 38). Therefore, this part of plaintiff's motion is denied.

The court turns next to that part of plaintiff's motion seeking leave to amend and defendant's motion, which together raise interrelated issues concerning plaintiff's failure to file a second amended complaint as directed in the court's February 12, 2024, order.

Plaintiff has exhibited a course of dilatory action and failure to comply with the court's directions and procedural rules. To begin, plaintiff did not file a second amended complaint as directed by the court within 21 days of its February 21, 2024, order. Instead, plaintiff filed belated motions for extension of time on March 13, 2024, and April 24, 2024. (See DE 26, DE 32). Over defendant's objections, the court granted plaintiff's motions for extension in its April 29, 2024. text order, expressly "allow[ing] plaintiff until May 20, 2024, to file a second amended complaint and proposed summons as directed in the court's February 12, 2024, order." However, the court further "warned [plaintiff] that, absent exceptional circumstances not heretofore presented, no further extensions of this deadline will be granted."

Plantiff's instant motion fails to follow the directions in the court's February 12, 2024, order and April 29, 2024, text order. It is not itself in the form of a second amended complaint, it does not include proposed summonses, and it does not seek to name plaintiff's county or state employer as a defendant, but rather seeks to name individual supervisors as defendants. As such, it is contrary to the court's previous determination that "[a]ny attempt to substitute plaintiff's supervisors as defendants must be denied as futile" where none of the statutes that provide plaintiff's cause of action "contemplate individual liability for supervisors who may have participated in discrimination by an employer." (DE 25 at 5). The motion also fails to comply with the pleading standards under the Federal Rules of Civil Procedure. See Rules 8(a) (requiring

5

"a short and plain statement of the claim") and 10(a) (requiring that all parties be named on the complaint).

This procedural history suggests that dismissal for failure to prosecute may be warranted because plaintiff "was instructed to take specific steps to prosecute the action and [s]he refused to comply." Mears, 762 F.2d at 375. It also raises the question whether plaintiff has "abuse[d] the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." Shaffer Equip. Co., 11 F.3d at 462.

The court thus directs plaintiff to show cause, within 21 days of the date of this order, why this action should not be dismissed for failure to prosecute. Plaintiff must demonstrate good cause for continuing the instant action, despite prior deficiencies, and that she is intent upon upholding the integrity of the judicial process through filings made in strict accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and all the instructions given by the court in this order and the court's February 12, 2024, and April 29, 2024, orders. In addition, if plaintiff wishes to proceed with this action, plaintiff must file at the same time a second amended complaint and proposed summons, as directed herein. Plaintiff is cautioned that a second amended complaint must contain all the factual allegations and claims she seeks to assert, in accordance with Rules 8(a) and 10(a), and plaintiff may not rely upon prior filings as a basis for asserting her claims.

In sum, defendant's motion is denied, and plaintiff's motion is granted in part. The court will allow plaintiff one more opportunity to file a second amended complaint naming the proper party defendant and to show cause why the action should continue.

**CONCLUSION**

Based on the foregoing, plaintiff's motion (DE 33) is GRANTED IN PART and DENIED IN PART, and defendant's motion (DE 36) is DENIED, on the terms set forth herein. Plaintiff is

DIRECTED show cause, within 21 days of the date of this order, why this action should not be dismissed for failure to prosecute. In addition, if plaintiff wishes to proceed with this action, plaintiff must file at the same time a second amended complaint and proposed summons, as directed herein. Plaintiff is WARNED that failure so to do will result in the dismissal of this action for failure to prosecute and failure to follow the court's orders. In the event plaintiff fails to respond to this order, within the time specified, the clerk is DIRECTED to close this case on the basis of this order.

SO ORDERED, this the 23rd day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge