IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-081-FL

| | | |
|---|---|---|
| BARBARA PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, and | ) | |
| HALIFAX COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Halifax County Department of Social Services' ("HCDSS") motion to dismiss (DE 42) directed to plaintiff's second amended complaint (DE 40), and plaintiff's objection and motion for judgment on the pleadings (DE 45). The issues raised in defendant HCDSS's motion to dismiss are ripe for ruling. For the reasons that follow, HCDSS's motion to dismiss is granted, and plaintiff's action is dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this employment discrimination action July 27, 2022, by filing a motion to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint referencing an Equal Employment Opportunity Commission ("EEOC") determination and May 3, 2022, Notice of Right to Sue. (DE 1). By notice of deficiency and order entered January 30, 2023, the court identified deficiencies in plaintiff's complaint and in forma pauperis motion and directed her to correct them. (DE 4 at 3). Plaintiff filed her first amended complaint March 1, 2023, and

an amended motion for leave to proceed in forma pauperis March 6, 2023, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"), seeking damages exceeding $1,290,000. Following a March 7, 2023, order directing her to file revised in forma pauperis documents, plaintiff filed a second amended motion for leave to proceed in forma pauperis.

Upon frivolity review conducted March 21, 2023, United States Magistrate Judge Brian S. Meyers granted plaintiff's second amended motion to proceed in forma pauperis and allowed her claims to proceed. The court directed the United States Marshal to serve the first amended complaint and summons on defendant HCDSS.

On April 19, 2023, HCDSS moved to dismiss the action (DE 17), asserting that it was not a proper party, was immune from suit, and that plaintiff's allegations failed to state a claim upon which relief could be granted. Following two granted motions for extension of time, plaintiff filed a response July 11, 2023, which included a request to amend her complaint to substitute the proper defendant employer.

By order entered February 12, 2024, the court granted HCDSS's motion to dismiss, finding that HCDSS is not an entity capable of being sued under North Carolina law. The court construed plaintiff's July 11 filing as a motion to amend and allowed her to file a second amended complaint naming the correct defendant employer, which the court stated could be either Halifax County or the State of North Carolina. (Feb. 12 Order (DE 25) at 5-6). The court explicitly warned plaintiff that failure to amend within 21 days would result in dismissal of her case. (Id.).

Plaintiff failed to comply with the court's March 4, 2024, deadline to file a second amended complaint. Instead, March 13, 2024, she filed a motion seeking an extension of thirty days (DE 26), and again sought more time April 24, 2024. (DE 32). By text order entered April 29, 2024,

2

the court granted the motions and extended the deadline to May 20, 2024, warning that no further extensions would be granted absent exceptional circumstances. (April 29 Text Order).

Despite this extension, plaintiff failed to file a second amended complaint by the May 20, 2024, deadline. On May 28, 2024, she instead filed a motion seeking to reply to defendant's motion to dismiss accompanied by a memorandum restating allegations from prior complaints. (DE 33).

On September 23, 2024, the court allowed plaintiff "one more opportunity to file a second amended complaint naming the proper party defendant and to show cause why the action should continue." (Sept. 23, 2024, Order (DE 39) at 6). In particular, the court ordered plaintiff to show cause "why this action should not be dismissed for failure to prosecute," and again directed her to file a second amended complaint naming her correct employer, either a county or state entity, warning plaintiff that failure to do so by October 14, 2024, would result in dismissal. (Id. at 6-7). On October 11, 2024, plaintiff filed a second amended complaint[1] again naming HCDSS as a defendant, but she did not respond to the show cause directive.

Defendant HCDSS filed the instant motion to dismiss November 1, 2024, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), and plaintiff filed the instant response thereto and for motion for judgment on the pleadings.

**COURT'S DISCUSSION**

A. Failure to Prosecute

    1. Standard of Review

---

[1] Plaintiff filed her second amended complaint October 11, 2024 (DE 40), submitting a duplicate version (DE 41), which the court will treat as the operative complaint. Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (CM/ECF) system, and not the page number, if any, showing on the face of the underlying document.

3

Federal Rule of Civil Procedure 41(b) allows for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss . . . for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).[2]

Dismissal of an action for failure to prosecute is warranted where a plaintiff "was instructed to take specific steps to prosecute the action and [s]he refused to comply." Mears v. Town of Oxford, Md., 762 F.2d 368, 375 (4th Cir. 1985). It is also warranted when "a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993). The determination of whether to "dismiss an action for [a] plaintiff's failure to prosecute it with reasonable diligence . . . is one within the trial court's sound judicial discretion." Timmons v. United States, 194 F.2d 357, 359 (4th Cir. 1952). Dismissal "with prejudice" for failure to comply with court orders and failure to prosecute is appropriate when the court has expressly warned that noncompliance would result in dismissal, because "[a]ny other course [may] place[] the credibility of the court in doubt and invit[e] abuse. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989).

2. Analysis

In the present case, dismissal with prejudice is necessary to ensure the integrity of court procedures and prevent further delays or misuse of judicial resources. Dismissal under Rule 41(b) is warranted based on plaintiff's repeated failure to comply with the court's clear and specific

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

directives. Mears, 762 F.2d at 375. Despite clear instructions to name her correct employer as defendant, plaintiff continued to name HCDSS, an entity that cannot be sued under North Carolina law, as a party to her second amended complaint. (Feb. 12 Order (DE 25) at 5; Sept. 23 Order (DE 39) at 6–7); see also N.C.Gen.Stat. § 153A-11 (a county is a legal entity which may sue and be sued).

While plaintiff is proceeding pro se and may be afforded some deference, pro se litigants are nonetheless required to comply with the same procedural rules and court orders as litigants represented by counsel. Ballard, 882 F.2d at 96. The United States Court of Appeals for the Fourth Circuit has emphasized that dismissals under Rule 41(b) are appropriate when the plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (citing Ballard, 882 F.2d at 95). Plaintiff's repeated noncompliance, despite explicit warnings, demonstrates her personal responsibility for the delays in this case and supports dismissal.

The Fourth Circuit in Attkisson outlined four criteria for determining whether dismissal under Rule 41(b) is appropriate: 1) the plaintiff's degree of personal responsibility; 2) the amount of prejudice caused to the defendant; 3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and 4) the effectiveness of sanctions less drastic than dismissal. Attkisson, 925 F.3d at 625. The court finds that all four factors weigh in favor of dismissal with prejudice. Each factor is addressed in turn below.

      a.      Plaintiff's Conduct

Plaintiff, as a pro se litigant, bears sole responsibility for adhering to court orders and procedural requirements. Attkisson, 925 F.3d at 625. Despite being granted multiple opportunities to comply, each accompanied by explicit warnings regarding the consequences of noncompliance,

Plaintiff's continued failure to meet deadlines and follow court directives demonstrates her responsibility for the delays and inefficiencies in this litigation. See Attkisson, 925 F.3d at 625 (noting that pro se litigants must meet the same time requirements as represented litigants); Ballard, 882 F.2d at 96.

Plaintiff has consistently missed court deadlines and failed to respond within the prescribed timeframes. For instance, after the court dismissed defendant HCDSS, February 12, 2024, plaintiff was granted leave to amend her complaint by March 4, 2024, to name a proper defendant. (Feb. 12 Order (DE 25) at 5–6). The court explicitly warned plaintiff that failure to amend the complaint within 21 days would result in dismissal. (See id.). Plaintiff did not comply with this order, and filed a motion March 13, 2024, seeking an additional thirty days to amend. (DE 26). Plaintiff subsequently requested further extensions April 24, 2024. (DE 32). Although the court granted both requests, extending the deadline to May 20, 2024, it cautioned that no further extensions would be permitted absent exceptional circumstances. (Apr. 29, 2024, Text Order).

Nonetheless, plaintiff again failed to meet the extended deadline. Rather than submitting the required second amended complaint, plaintiff filed a response to defendant's motion to dismiss May 28, 2024, that merely repeated prior allegations. (DE 33). The court granted another opportunity September 23, 2024, ordering plaintiff to file a second amended complaint by October 14, 2024, naming a proper defendant and to show cause why the case should not be dismissed for failure to prosecute. (Sept. 23 Order (DE 39) at 5–7). The court again warned that failure to comply would result in dismissal. (Id. at 7). Although plaintiff filed a second amended complaint on October 11, 2024 (DE 41), she improperly named HCDSS as a defendant, in direct contravention of the court's explicit ruling that HCDSS is not a suable entity under North Carolina law. (See Feb 12 Order (DE 25) at 5–6). Plaintiff also did not respond to the court's show cause

6

Case 4:22-cv-00081-FL    Document 46    Filed 06/05/25    Page 6 of 9

directive, despite the court's warning that failure so to do will result in dismissal of the action for failure to prosecute and failure to follow court orders.

Plaintiff's disregard for the court's directives is notable, as the court previously clarified that the proper party could be either Halifax County or the State of North Carolina. (Id.). Plaintiff's insistence on naming HCDSS as a defendant, despite the court's guidance and established legal precedent, demonstrates a willful failure to comply. See Attkisson, 925 F.3d at 625.

      b.    Prejudice to Defendant

The second Attkisson factor, "the amount of prejudice caused to the defendant," weighs heavily in favor of dismissal. Attkisson, 925 F.3d at 625. Plaintiff's repeated failures to comply with the court's directives have prejudiced HCDSS. (See Def. MTD (DE 37) at 5). By failing to name a proper defendant or clarify her claims, plaintiff has forced HCDSS to expend resources responding to multiple deficient filings and motions.

Prolonged litigation imposes an undue burden on defendants, especially when plaintiff's conduct prevents resolution of the claims on the merits. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). Plaintiff's failure to file a sufficient amended complaint has left HCDSS without clarity as to the precise claims at issue, compounding the prejudice caused by these delays. (See Def. MTD (DE 37) at 6; Attkisson, 925 F.3d at 625).

      c.    Plaintiff's History of Dilatory Conduct

The third Attkisson factor, "the presence of a drawn-out history of deliberately proceeding in a dilatory fashion," also favors dismissal. Attkisson, 925 F.3d at 625. As discussed above, plaintiff's conduct throughout this litigation reflects a persistent pattern of delay and noncompliance. This pattern includes repeated submission of deficient filings, failure to name a

7

proper defendant, and noncompliance with court orders, even after extensions were granted and clear deadlines were established. (See e.g., Compl. (DE 1, 5, 40). Plaintiff's ongoing disregard for deadlines and court directives constitutes a pattern of dilatory conduct warranting dismissal under Rule 41(b). See Ballard, 882 F.2d at 95–96.

    d.  Effectiveness of Lesser Sanctions

Finally, the fourth Attkisson factor, the "effectiveness of sanctions less drastic than dismissal," also weighs in favor of dismissal. The court has afforded plaintiff multiple opportunities to cure deficiencies, including clear instructions, extensions of time, and repeated warnings that noncompliance would result in dismissal. Lesser sanctions, such as additional warnings or further extensions, would be ineffective and would only reward plaintiff's continued failure to comply. Mears., 762 F.2d at 375. The orderly and expeditious resolution of cases requires adherence to court orders, and further accommodations would undermine the court's credibility. See Attkisson, 925 F.3d at 625 (upholding dismissal where plaintiff's noncompliance and delay demonstrated the ineffectiveness of lesser sanctions).

All four Attkisson factors thus weigh in favor of dismissal with prejudice. Plaintiff's repeated noncompliance, the resulting prejudice to HCDSS, her history of dilatory conduct, and the ineffectiveness of lesser sanctions justify dismissal under Rule 41(b).

**CONCLUSION**

Based on the foregoing, plaintiff's action is DISMISSED WITH PREJUDICE for failure to prosecute and failure to follow the court's directives, under Fed. R. Civ. P. 41(b). Defendant HCDSS's motion to dismiss (DE 42) is TERMINATED AS MOOT. The clerk is DIRECTED to close this case.

8

SO ORDERED, this the 5th day of June, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge